UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TYRAY GILLIAM,
                      Petitioner,

    v.                                     9:13-CV-788 (GTS/ATB)

SUPERINTENDENT,
                      Respondent.
_____

TYRAY GILLIAM, Petitioner Pro Se
ALYSON J. GILL, Ass't Att'y Gen., for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

Petitioner filed the instant habeas corpus petition in the Western District of New York, pursuant to 28 U.S.C. § 2254. The petition was subsequently transferred to this district (Dkt. No. 5), and was referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, U.S. District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c).

Petitioner challenges a judgment of conviction entered on May 28, 2008, in Onondaga County Court, based on his guilty plea to Rape in the Second Degree under N.Y. Penal Law ("Penal Law"), Section 130.30(1). Pursuant to a plea bargain, he was sentenced to a determinate sentence of five years imprisonment and three years of post-release supervision. (Dkt. No. 15 at 21, 23, 108). On July 1, 2011, the Appellate Division, Fourth Department, unanimously affirmed petitioner's judgment of conviction in a summary opinion. *People v. Gilliam*, 86 A.D.3d 923, 926 N.Y.S.2d

838 (Table), (4th Dept. 2011). On May 8, 2012, the New York Court of Appeals reversed the decision of the Appellate Division and remitted the case to the Appellate Division for further consideration. *People v. Gilliam*, 19 N.Y.3d 842, 946 N.Y.S.2d 98 (2012). On June 15, 2012, the Appellate Division, on remittur, issued an opinion unanimously affirming the judgment, and leave to appeal was denied on September 25, 2012. *People v. Gilliam*, 96 A.D.3d 1650, 946 N.Y.S.2d 811 (4th Dept. 2012), *lv. denied*, 19 N.Y.3d 1026, 953 N.Y.S.2d 559 (Table) (2012). Petitioner is currently incarcerated pursuant to this conviction.[1]

Petitioner filed a pro se petition and memorandum of law, dated May 14, 2013, claiming that: (1) the conviction violated petitioner's right to a fair trial because it was based on forged evidence that was submitted at the grand jury proceeding and suppression hearing; (2) the arresting officer's suppression hearing testimony differed from what was written in his arrest report; (3) the forged evidence and perjured testimony at the suppression hearing violated petitioner's right to due process; and (4) the prosecutor and police committed misconduct by tampering with the evidence. (Pet. ¶ 22, Dkt. No. 1 at 6-7; Pet. Mem., Dkt. No. 1-2). These claims are all based on petitioner's contention that the police fraudulently altered his *Miranda* waiver form by adding the signature of a second police witness who was not in the room at the time petitioner waived his rights and allegedly confessed to another officer.

Respondent concedes that the petition is timely, but contends that, to the extent the petition raises federal constitutional claims, they were not exhausted in state court

---

[1] Petitioner is now confined in the Orleans Correctional Facility. (Dkt. No. 10).

and are procedurally defaulted. (Resp't's Mem. of Law at 8-10, Dkt. No. 14-1). Respondent further contends that petitioner's claims are barred by adequate and independent state grounds applied by the Appellate Division, based on petitioner's plea of guilty, his withdrawal of his pretrial suppression motions, and his waiver of appeal rights, all of which respondent contends were knowing and voluntary. (Resp't's Mem. of Law at 11-17).

As discussed below, this court agrees that petitioner's claims are foreclosed by his guilty plea, his withdrawal of suppression motions, and his appeal waiver; and I will recommend denial of the petition on those grounds. Accordingly, the court need not address the issue of whether petitioner's claims were also unexhausted and procedurally defaulted on that basis.

## I. Relevant Facts and Procedural History

### A. Investigation, Arrest, and Indictment

On December 4, 2007, a 14-year-old girl accused petitioner, then age 31, of assaulting and raping her. (Police Report 07-497944 at 2, Dkt. No. 15 at 59). Following treatment for injuries sustained when he slashed his wrists after fleeing the scene of the alleged rape, petitioner was transported to the Onondaga County Sheriff's headquarters, where he was interviewed by Dep. Sheriff Daniel Tavolaro. (*Id*.). Dep. Tavolaro advised petitioner of his *Miranda* rights and had the petitioner document his waiver of those rights by initialing and signing a "Constitutional Rights Waiver Form." (*Id*.). According to Dep. Tavolaro's police report, "I additionally affixed my signature to the bottom of the form as well along with Det./Sgt. Costanzo, who

witnessed me administer Miranda." (*Id.*).² Dep. Tavolaro reported that, although petitioner initially denied that he raped the minor victim, he eventually confessed to rape, although he refused to sign a typed summary of his confession. (Police Report at 2-3; Voluntary Affidavit, Dkt. No. 15 at 65).

Petitioner was arrested on a felony complaint on December 4, 2007. (3/4/2008 Tr. at 2, Dkt. No. 15-1 at 6). On January 22, 2008, petitioner was indicted by an Onondaga County grand jury for rape in the second degree and endangering the welfare of a child. (Dkt. No. 15 at 24, 37).

**B.  Suppression Hearing**

Petitioner, then represented by defense attorney Clarence Johnson, moved to suppress his post-arrest statements on March 27, 2008. (Omnibus Mot., Dkt. No. 15 at 42-43). During the suppression hearing on April 21, 2008, defense counsel thoroughly questioned Dep. Tavolaro about Sgt. Costanzo's witnessing signature, which appeared on some copies of the *Miranda* waiver form, but not others. Dep. Tavolaro stated that Sgt. Costanzo observed petitioner's *Miranda* waiver, over closed-circuit television from another room, and added his signature to the waiver form later the same day. (Suppression Hr'g Tr. at 1, 8, 12-13, Dkt. No. 15-1 at 40, 47, 51-52). The Deputy acknowledged that, because he was in a different room, he could not see that Sgt. Costanzo was watching Dep. Tavolaro when he administered *Miranda* rights

---

² The record contains at least two versions of the waiver form–one signed by Sgt. Costanzo with the date/time of "12/04/07 0530 hr." and one without any witnessing signature from Sgt. Costanzo. (Dkt. No. 15 at 61, 64). In the copies of the waiver form attached to the petition, the copy without Sgt. Costanzo's signature also had a facsimile banner indicating that it was faxed on 12/04/2007 at 11:12. (Dkt. No. 1-1 at 17-18).

4

to petitioner. Dep. Tavolaro also admitted that Sgt. Costanzo signed the waiver form at a time later than that written next to his signature on the waiver form. (Suppression Hr'g Tr. at 14-15, 27-29). Following arguments by counsel, County Court Judge William Walsh ruled that the petitioner had been properly advised of his *Miranda* rights and that his confession was voluntary and otherwise constitutional. (Suppression Hr'g Tr. at 30-33).

### C. Plea and Sentencing

At some point, the minor victim recanted her statement that she was raped by the petitioner, and he declined several opportunities to plead guilty to statutory rape charges despite the district attorney's stated intention of presenting a more serious forcible rape charge–Rape in the First Degree–to the grand jury. (3/12/2008 Tr. at 3, 5, Dkt. No. 15-1 at 23, 25; 4/16/2008 Tr. at 5-6, Dkt. No. 15-1 at 36-37; 4/21/2008 Tr. at 3-7, 40-42, Dkt. No. 15-1 at 42-46, 79-81).[3] DNA tests subsequently were completed, linking petitioner to semen recovered as a result of the sexual assault examination of the minor victim following the alleged rape. (Dkt. No. 15 at 26-29; 4/21/2008 Tr. at 4-7, 40-42; 4/28/2008 Plea Tr. at 3, Dkt. No. 15-1 at 87). Shortly thereafter, petitioner agreed to a plea bargain that required a guilty plea to statutory rape, a determinate sentence of five years and three years of post-release supervision, a broad waiver of his appeal rights, and a withdrawal of his suppression and other pretrial motions. (Plea Tr. at 3-4).

---

[3] At various times, petitioner denied making a confession and denied that he had intercourse with the minor victim. (3/12/2008 Tr. at 3; 4/21/2008 Tr. at 6).

5

During the plea colloquy on April 28, 2008, Judge Walsh asked petitioner if he understood and found the terms of the plea offer acceptable; and petitioner stated that he did. (Plea Tr. at 4). The court placed petitioner under oath, and confirmed that his ability to understand the proceedings was not impaired. Judge Walsh verified that petitioner was entering the guilty plea "freely and voluntarily," because he was guilty, and confirmed that his plea had not been induced by any threats or promises not disclosed on the record. (Plea Tr. at 5). The court also explained all of the rights that petitioner was giving up by pleading guilty, and confirmed that he understood that his guilty plea would have the same effect as a conviction following a jury trial. (Plea Tr. at 6-7). The petitioner stated that he was satisfied with Clarence Johnson's service as his attorney, and was reminded that he could pose any question he had about the proceeding to his lawyer or to the court. (Plea. Tr. at 4, 7),

The court explained petitioner's appeal rights and repeated that, as a condition of the plea agreement, petitioner would be required to waive his right to appeal, which would preclude him from seeking relief from a higher court with respect to his plea and sentencing. (Plea Tr. at 4, 8). Petitioner stated that he understood, and declined a further opportunity to discuss the waiver with counsel. Petitioner agreed that he was willing to sign a written waiver of his right to appeal at the time of sentencing. (Plea Tr. at 8). Judge Walsh further confirmed that counsel would withdraw any motions previously filed on petitioner's behalf. (Plea Tr. at 9).

Petitioner admitted that, on December 4, 2007, when he was 31 years old, he engaged in sexual intercourse with the minor victim, who was then 14 years old. (Plea

Tr. at 9). The court then accepted petitioner's guilty plea, finding that it was entered knowingly, voluntarily, and intelligently, with a full understanding of the charge, petitioner's rights, and the nature and consequences of his plea. (Plea Tr. at 9-10).

On May 28, 2008, petitioner appeared with counsel for sentencing. Counsel confirmed, on the record, that petitioner signed the written waiver of his right to appeal. The court sentenced petitioner to the agreed-upon five year determinate prison term, plus a three year term of post-release supervision. (5/28/2008 Sentencing Tr. at 2-3, Dkt. No. 15-1 at 95-96; Notification and Waiver of Right to Appeal, Dkt. No. 15 at 66).[4]

**D.    Appeal**

Petitioner was represented on appeal by Philip Rothschild, Esq., who raised only two issues–whether petitioner's sentence was harsh and excessive and whether petitioner's appeal waiver was invalid. (3/9/2011 Appellant's Brief, Dkt. No. 15 at 2-15). On April 7, 2011, petitioner filed a pro se, supplemental brief, arguing, *inter alia*, that the *Miranda* waiver, used in connection with the grand jury proceedings and suppression hearing in his case, was forged, because one copy contained the signature of a witness (Sgt. Costanzo), and one copy did not. (Dkt. No. 15 at 89-90).

As noted above, the Appellate Division summarily affirmed petitioner's

---

[4] The waiver, signed by petitioner and witnessed by his attorney and Judge Walsh on May 28, 2008, acknowledged that petitioner had been advised of his appeal rights and further stated: "AS PART OF THE NEGOTIATED PLEA, I FURTHER ACKNOWLEDGE THAT AFTER A FULL AND FAIR OPPORTUNITY TO DISCUSS THESE MATTERS WITH MY ATTORNEY AND WITH THE COURT, I AM KNOWINGLY AND VOLUNTARILY WAIVING MY RIGHT TO APPEAL AND THAT I DO NOT WANT TO APPEAL MY CONVICTION AND SENTENCE." (*Id.*).

7

conviction. However, the Court of Appeals remitted the case to the Fourth Department to clarify whether its ruling with respect to the sentence imposed on petitioner was based on the waiver of appeal, or whether it determined that the sentencing claim lacked merit. (Dkt. No. 15 at 104). Upon remittur, the Appellate Division concluded that petitioner's unrestricted waiver of the right to appeal encompassed his right to challenge the severity of the sentence. *People v. Gilliam*, 96 A.D.3d at 1650 (Dkt. No. 15 at 109).

With respect to petitioner's claim about the forged *Miranda* waiver in his pro se supplemental brief, the Fourth Department concluded that this "concern[ed] a matter raised in his omnibus motion," and was not properly raised on appeal. *Id*. at 1651. The Appellate Division further held that "[t]hat contention [was] also encompassed by [petitioner's] unrestricted waiver of the right to appeal and, in any event, '[t]he record reflects that [petitioner] withdrew his omnibus motion as part of the plea of guilty, thereby foreclosing [the Appellate Division's] review of the issues raised therein.'" *Id*. (citations omitted). As noted above, the Court of Appeals denied leave to appeal this decision of the Fourth Department.[5]

## II. <u>Applicable Law</u>

### A. The AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

---

[5] In connection with the unsuccessful petition to the Court of Appeals, appellate counsel submitted a supplemental letter which elaborated on the claims made by petitioner in his prior pro se supplemental brief to the Appellate Division. The letter articulated petitioner's supplemental arguments to include a claim that he was denied a fair trial guaranteed by the United States Constitution. (7/11/2012 Rothschild Ltr., Dkt. No. 15 at 114-15).

8

provides that, when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008). This is a "difficult to meet," and "highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011) (citations omitted).

A state court's factual findings are presumed correct under the AEDPA, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo*. *Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

**B.     Procedural Bar**

A federal judge may not issue a writ of habeas corpus if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). A federal habeas court generally will not consider a federal issue in a case if a state court decision "'rests on a state law ground that is independent of the federal question and adequate

9

to support the judgment.'" *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). This rule applies whether the independent state law ground is substantive or procedural. *Id*

There are certain situations in which the state law ground will not be considered "adequate": (1) where failure to consider a prisoner's claims will result in a "fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); (2) where the state procedural rule was not "'firmly established and regularly followed,'" *Ford v. Georgia*, 498 U.S. 411, 423-424 (1991); *James v. Kentucky*, 466 U.S. 341, 348-349 (1984); and (3) where the prisoner had "cause" for not following the state procedural rule and was "prejudice[d]" by not having done so, *Wainwright v. Sykes*, 433 U.S. at 87. In *Garvey v. Duncan*, the Second Circuit stated that, in certain limited circumstances, even firmly established and regularly followed rules will not prevent federal habeas review if the application of that rule in a particular case would be considered "exorbitant." *Garvey v. Duncan*, 485 F.3d at 713-714 (quoting *Lee v. Kemna*, 534 U.S. at 376).[6]

A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the

---

[6] In determining whether the application of an independent state rule was "exorbitant," the court should consider (1) whether the alleged procedural violation was actually relied upon by the trial court and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state case law required compliance with the rule in the specific circumstances; and (3) whether petitioner had "substantially complied" with the rule given the "realities of trial," and whether demanding perfect compliance with the rule would serve a legitimate governmental interest. *Garvey*, 485 F.3d at 714 (quoting *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003)). The *Cotto* factors are not all determinative, but are a guide to evaluate the state's interest in a particular rule in the circumstances of a particular case. *Id.* at 714.

10

default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent." *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

To demonstrate "actual innocence," a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him, but for the alleged constitutional violation. *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).[7] A claim of actual innocence requires petitioner to put forth new, reliable evidence that was not presented at trial. *Cabezudo v. Fischer*, 05-CV-3168, 2009 WL 4723743, at *13 (E.D.N.Y. Dec. 1, 2009) (citing *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 114 (2d Cir. 2000)); *Schlup v. Delo*, 513 U.S. at 316, 327-328.

C. **Voluntariness of Guilty Plea**

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183

---

[7] "Actual innocence" requires factual innocence, not legal innocence. *Murden v. Artuz*, 497 F.3d at 194.

(2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A court may determine that a defendant knowingly and voluntarily entered into a plea bargain from, among other things, his allocution statements. *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). Sworn statements made by a defendant in entering his plea carry a "strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d at 715.

### III. Analysis

As noted above, the Appellate Division ultimately ruled that review of the issues raised by petitioner in his supplemental pro se appeal brief concerning his allegedly forged and altered *Miranda* waiver form was foreclosed by his guilty plea, the related withdrawal of his pretrial motions, and his unrestricted waiver of his appeal rights. *People v. Gilliam*, 96 A.D.3d at 1651, *lv. denied*, 19 N.Y.3d 1026. Because the state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment[,]" federal habeas review of petitioner's conviction is precluded. *Coleman v. Thompson*, 501 U.S. at 729. Petitioner has not made the requisite showing of cause, prejudice, or actual innocence to overcome this procedural bar.

    **A.    Independent and Adequate State Law Grounds**

"The law is well settled that a guilty plea precludes habeas review of 'independent claims relating to the deprivation of constitutional rights that occurred

prior to the entry of the guilty plea.'" *McBride v. Larkin*, No. 12 Civ. 4703, 2013 WL 1736586, at *5 (S.D.N.Y. April 19, 2013) (citing, *inter alia*, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To the extent petitioner's claims assert defects in the grand jury proceedings involving the alleged use of a forged *Miranda* waiver, those defects were clearly waived by his guilty plea and are not subject to federal habeas review. *See, e.g.*, *McBride v. Larkin*, 2013 WL 1736586, at *5 (petitioner's due process habeas claim that coerced testimony was presented during the grand jury proceeding was barred because of his subsequent guilty plea); *Rivers v. Costello*, 08-CV-107 (TJM/RFT), 2011 WL 4592041, at *7-8 (N.D.N.Y. Sept. 9, 2011) (petitioner's complaints of prosecutorial impropriety, as they relate to grand jury proceedings prior to the guilty plea, are waived by his guilty plea) (Rep't-Rec.), *adopted* 2011 WL 4593972 (N.D.N.Y. Sept. 30, 2011); *Lebron v. Sanders*, 02 Civ. 6327, 2008 WL 793590, at *19 (S.D.N.Y. Mar. 25, 2008) (petitioner's claim of prosecutorial misconduct during the grand jury proceedings is waived because of petitioner's subsequent guilty plea, and is not cognizable on habeas review); *Lloyd v. Walker*, 771 F. Supp. 570, 576-77 (E.D.N.Y. 1991) ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is . . . rendered harmless, and is not a cognizable claim in a federal habeas proceeding.").[8]

---

[8] In any event, petitioner's claims regarding abuse of the state grand jury process do not implicate federal constitutional rights and are not cognizable habeas claims on the merits. *See, e.g., May v. Warden*, 07 Civ. 2176, 2010 WL 1904327 at *3 (S.D.N.Y. May 10, 2010) (there is no federal constitutional right to a grand jury in a state criminal prosecution, and thus a claim of deficiency in the proceeding, including use of perjured testimony, is not cognizable in a habeas

Notwithstanding the general rule of *Tollett v. Henderson*, "'when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding.'" *Douglas v. Capra*, No. 9:13-CV-35 (JKS), 2014 WL 2215764, at *3 (N.D.N.Y. May 29, 2014) (citing *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975)). Pursuant to New York Criminal Procedure Law ("C.P.L.") § 710.70(2), a criminal defendant may appeal an adverse decision on a pretrial motion to suppress evidence, despite being convicted upon a guilty plea. *See United States ex rel. Sanney v. Montanye*, 500 F.2d 411, 414 (2d Cir. 1974) (holding that habeas petitioner did not waive by guilty plea constitutional claims arising from "illegal interrogation," including a claim challenging admissibility of statements made without Miranda warnings). "However, a defendant can waive his rights under § 710.70(2) . . .[by] withdrawing a suppression motion prior to making a guilty plea, and a court may require the withdrawal of such a motion prior to accepting the plea." *Thousand v. Conway*, No. 08-CV-6469T, 2010 WL 4823664, at * 4 (W.D.N.Y. Nov. 29, 2010). "In such a situation there is no right of appeal with respect to the claims made on the suppression motion," and a petitioner also waives his right to federal habeas review of such claims by virtue of the guilty plea. *Id.*

---

corpus proceeding) (citing, *inter alia*, *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989)); *Rivers v. Costello*, 2011 WL 4592041, at *9 (citing, *inter alia*, *Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990) (noting the Fifth Amendment right to an indictment by a grand jury does not apply to the states as it is not incorporated by the due process clause of the Fourteenth Amendment)); *Miller v. Hunt*, No. 9:06-CV-177 (DNH/VEB), 2008 WL 170411, at *5-6 (N.D.N.Y. Jan. 15, 2008); *Smith v. Hulihan*, No. 11 Civ. 2948, 2011 WL 4058764, at *10 (S.D.N.Y. Sept. 13, 2011) (Rep't-Rec.), *adopted*, 2012 WL 4928904, at *3 (S.D.N.Y. Oct. 17, 2012).

*Accord*, *Singh v. Kuhlmann*, No. 94 CIV. 2213, 1995 WL 870113, at *12-13 (S.D.N.Y. Aug. 25, 1995). Thus, petitioner's withdrawal of his suppression motion at the time of his guilty plea precludes habeas review of the claims involving allegations regarding the allegedly altered Miranda waiver form and related perjured testimony during the suppression hearing.[9]

In any event, the Fourth Department's denial of petitioner's appeal, based on the waiver of his right to appeal, approved during his plea colloquy and formalized in writing at the time of sentencing, also bars consideration of all of petitioner's habeas claims arising from the alleged fraud involving his *Miranda* waiver form. *See, e.g.*, *Grimes v. Lempke*, No. 9:10-CV-68 (GLS/RFT), 2014 WL 1028863, at *6 (N.D.N.Y. Mar. 14, 2014) (the Appellate Division's determination that "'[t]he valid waiver by defendant of the right to appeal encompasses his challenge to the court's suppression ruling'" is a decision predicated on a valid waiver of the right to appeal and articulates an independent and adequate state law barring consideration of habeas claims

---

[9] Petitioner's claims regarding the suppression hearing would also fail on the merits. During the hearing, Judge Walsh heard the evidence regarding the allegedly forged or altered waiver form. In deciding there was no violation of petitioner's *Miranda* or constitutional rights, Judge Walsh apparently credited the testimony of Dep. Tavolaro regarding petitioner's *Miranda* waiver and subsequent confession. "[A] federal court in a federal habeas proceeding . . . is precluded from either re-weighing the evidence or assessing the credibility of witnesses. . . . In the absence of clear and convincing evidence to the contrary, th[e] Court is bound by the factual findings of the state court. 28 U.S.C. § 2254(e)(1) . . ." *Douglas v. Capra*, 2014 WL 2215764, at *3 (petitioner is entitled to no habeas relief with respect to his claim that he was advised of his Miranda rights only after his confession, a position refuted by the police officers at the suppression hearing and rejected by the trial judge, whose ruling was affirmed by state appellate court). There is no clear and convincing evidence in this case to refute the factual findings of the state court, supporting the determination that petitioner's confession was voluntary and otherwise constitutional, notwithstanding petitioner's claims regarding the *Miranda* waiver form.

15

involving suppression) (collecting cases); *Moore v. Martuschello*, No. 10-CV-3546, 2013 WL 4516094, at *5 (E.D.N.Y. Aug. 23, 2013) ("'Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief.'") (citing *Alvarez v. Yelich*, No. 09-CV-1343, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) (collecting cases)); *Burvick v. Brown*, 10-CV-5597, 2013 WL 3441176, at *6 (E.D.N.Y. July 9, 2013) ("Federal courts have held that New York law allowing defendants to waive their right to appeal as part of a plea agreement, as long as the waiver is made voluntarily and is knowing and intelligent, is an adequate and independent state ground that bars habeas review, and this Court agrees with those decisions"). The court further finds that the application of a procedural bar based on petitioner's appeal waiver would not be "exorbitant" under the *Cotto* factors set forth above. *See, e.g.*, *Haynes v. New York*, No. 10-CV-5867, 2012 WL 6675121, at *8 n.7 (E.D.N.Y. Dec. 21, 2012) ("Having reviewed [the *Cotto*] factors, the Court concludes that the Appellate Division did not apply the procedural bar of valid waiver of right to appeal in an exorbitant manner."); *Burvick v. Brown*, 2013 WL 3441176, at *5, 6 n.4. *See also Singh v. Kuhlmann*, 1995 WL 870113, at *12-13 (recognizing New York's interest in preserving the non-appealability of a valid guilty plea, the court finds that it is barred from considering petitioner's habeas claims relating to his motion to suppress in light of his valid waiver of his appeal rights).

### B.    Cause/Prejudice/Actual Innocence

Petitioner has not demonstrated cause for his procedural default, actual

16

prejudice as a result of the alleged violation of federal law, or a fundamental miscarriage of justice based on actual innocence, as would be required to overcome the procedural bar to his habeas claims based on the waiver of his appellate rights that was part of his plea bargain. Petitioner might be able to establish "cause" if he could demonstrate that his guilty plea and related waivers were not knowing, voluntary, and intelligent. *Alvarez v. Yelich*, 2012 WL 2952412, at *5 ("Since petitioner's waivers of his right to appeal were knowing and voluntary, he has not demonstrated cause for the procedural default of his restitution claim"). However, the only suggestion in the habeas petition and related papers that petitioner's waivers were involuntary is the claim in the Reply (at 3, Dkt. No. 20) that his guilty plea was procured by fraud and deception relating to the allegedly altered *Miranda* form. However, it is apparent from the record that petitioner was well aware of the issue with his waiver form when it was addressed during the suppression hearing, and that he nonetheless elected to plead guilty to statutory rape after subsequent DNA evidence provided overwhelming evidence of his involvement in the alleged rape.

On direct appeal, petitioner argued that his appeal waiver was involuntary because he was "threatened" with a superseding indictment on more serious charges if he did not agree to the plea bargain and appeal waiver. (Appellant's Br. at 10, Dkt. No. 15 at 14). However, criminal defendants typically confront such difficult choices in connection with a plea bargain, and they do not amount to unconstitutional coercion. *See, e.g.*, *Fabre v. Taylor*, 08 Civ. 5883, 2009 WL 162881, at *16 (S.D.N.Y. Jan. 20, 2009) ("Every defendant involved in plea negotiations suffers the threat of

17

conviction (often of greater charges or with a greater penalty), and must face such 'difficult choices.'") (*citing, inter alia*, *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'– and permissible–'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'")); *Spikes v. Graham*, 9:07-CV-1129 (DNH/GHL), 2010 WL 4005044, at *7 (N.D.N.Y. July 14, 2010) ("It is not coercion if a defendant pleads guilty to avoid a harsher sentence[;]" "[the state court] reasonably applied clearly established federal law to reach the conclusion that the trial judge and defense counsel did not coerce Petitioner, but rather properly informed him of the potential consequences of proceeding to trial").

In order for a guilty plea to be voluntarily and intelligently entered a defendant must be made "'fully aware of the direct consequences'" of the plea. *United States v. Youngs*, 687 F.3d 56, 60 (2d Cir. 2012). As another judge in this district concluded with respect to a very similar plea colloquy conducted by Onondaga County Court Judge William Walsh:

> the court very cogently explained the plea offer to Petitioner, . . . the collateral consequences of pleading guilty, as well as Petitioner's rights and the effect of waiving those rights to accept the offered plea agreement. Petitioner acknowledged that he understood each and every statement made by the court and the court offered Petitioner multiple opportunities to ask questions of either the court or his attorney, but Petitioner declined each time. Petitioner acknowledged that he understood and could read English, that he suffered from no . . . impairments . . . that would prevent him from understanding or

> voluntarily entering into the plea. Thus, generally speaking Petitioner's plea
> appears to have been intelligently made and voluntarily entered.

*Grimes v. Lempke*, 2014 WL 1028863, at *8-10. It was also apparent, from Judge Walsh's colloquy, that petitioner voluntarily waived his appeal rights, with a full understanding of those rights. Petitioner's sworn statement that his guilty plea was knowing and voluntary, and not the result of any threats or coercion carry a "strong presumption of verity." *Blackledge v. Allison*, 431 U.S. at 74.

Petitioner has clearly not established actual innocence. His protestations of innocence ended when DNA analysis refuted his claims that he did not have intercourse with the minor victim. He has never sought to withdraw his plea of guilty. Nor has petitioner demonstrated "prejudice" by showing a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. at 289. Even if there had been some violation of petitioner's federal constitutional rights relating to the witnessing of his *Miranda* waiver, he chose to plead guilty and waive his right to appeal, well aware of the issues relating to the waiver form. Petitioner made that choice with the advice of an attorney, whose competence petitioner has not challenged, presumably because of the overwhelming evidence of his guilt once the DNA analysis was completed, and the fact that the prosecution allowed him one more opportunity to avoid prosecution on more serious charges of forcible rape in the first degree. Petitioner received the very sentence he was promised at the time of his guilty plea, and clearly suffered no prejudice of the type required to overcome a procedural bar to habeas claims.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition (Dkt. No. 1) be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**</u> *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**Dated:** August 20, 2014

*[signature: Andrew T. Baxter]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge