UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYRAY GILLIAM,

                              Petitioner,

                                                                   9:13-CV-0788
v.                                                                       (GTS/ATB)

SUPERINTENDENT,

                              Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

TYRAY GILLIAM, 08-B-1722
  Petitioner, *Pro Se*
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

HON. ERIC T. SCHNEIDERMAN                    ALYSON J. GILL, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this habeas corpus proceeding filed *pro se* by Tyray Gilliam ("Petitioner") pursuant to 28 U.S.C. § 2254, are (1) a Report-Recommendation by United States Magistrate Judge Andrew T. Baxter recommending that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2) and that a certificate of appealability not issue, and (2) Petitioner's Objection thereto. (Dkt. Nos. 25, 26.) For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety, and the Petition is denied and dismissed in its entirety.

I.      RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the factual background of Petitioner's 2008 state-court conviction for rape in the second degree, but will simply refer the parties to the relevant portion of Magistrate Judge Baxter's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 25, at Part I.)

Liberally construed, Petitioner's Petition asserts four claims: (1) that Petitioner's right to a fair trial was violated because he was convicted based on an altered and forged *Miranda* waiver submitted at both the grand jury proceeding and suppression hearing; (2) that the arresting officer's testimony at the suppression hearing differed from what was written in his arrest report; (3) that Petitioner's right to due process was violated because forged evidence and perjured testimony was used to convict him; and (4) that the prosecutor and police committed misconduct by tampering with evidence. (*See generally* Dkt. No. 1.)

Generally, in his Report-Recommendation, Magistrate Judge Baxter recommends that Petitioner's claims be dismissed for the following reasons: (1) federal habeas review of Petitioner's conviction is precluded because the Appellate Division's judgment (that review of Petitioner's claims was foreclosed by his guilty plea, the related withdrawal of his pretrial suppression motions, and his unrestricted waiver of his appeal before sentencing) rested on a state law ground that is independent of the federal question presented and is adequate to support the judgment; and (2) Petitioner has not made a requisite showing of (a) cause for his procedural default, (b) actual prejudice as a result of the alleged violation of federal law, or (c) a fundamental miscarriage of justice based on actual innocense. (Dkt. No. 25, at Part III.)

Generally, in his one-page Objection to the Report-Recommendation, Petitioner argues that the district court should review the arresting officer's grand jury testimony and the forged *Miranda* waiver for due process violations, because a conviction is void if obtained by "fraud, trick[ery][sic] or deception." (Dkt. No. 26.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or

4

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B. **Standard Governing Review of Petitioner's *Habeas* Petition pursuant to 28 U.S.C. § 2254(e)(1) and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")**

Again, because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the legal standard governing Petitioner's habeas petition pursuant to 28 U.S.C. § 2254(e)(1) and the AEDPA, but will simply refer the parties to the relevant portion of Magistrate Judge Baxter's Report-Recommendation, which accurately recites that legal standard. (Dkt. No. 25, at Part II.A.)

III. **ANALYSIS**

After carefully reviewing all of the papers in this action, the Court agrees with each of the recommendations made by Magistrate Judge Baxter in his thorough Report-

---

Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation. Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 25, at Parts I-III.) As a result, the Court accepts and adopts Magistrate Judge Baxter's Report-Recommendation in its entirety for each of the reasons stated therein. (*Id.*)

The Court would add only one point. Even when construed with the utmost of liberality, Petitioner's one-page Objection fails to contain a specific challenge to the Report-Recommendation or an argument that differs from the arguments he asserted in his Petition and Traverse. (*Compare* Dkt. No. 26 [Objection] *with* Dkt. No. 25 [Report-Recommendation] *and* Dkt. No. 1 [Petition] *and* Dkt. No. 20 [Traverse].) As a result, he is entitled to only a clear-error review of Magistrate Judge Baxter's Report-Recommendation (which level of review the Report-Recommendation easily survives). The Court notes that, even if the Report-Recommendation were subjected to a *de novo* review, the Report-Recommendation would survive that review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: January 8, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge